IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEVI,

        Plaintiff,                  CIV S-11-3164 MCE CKD PS

    vs.

M. CATE, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff has now paid the filing fee.[1]  The matter will therefore be set for status conference.  This action has been pending for over five months.  It does not appear from the docket that plaintiff has served defendants with summons in compliance with Federal Rule of Civil Procedure 4.  Under Federal Rule of Civil Procedure 4(m), the court may order dismissal of a defendant who is not served within 120 days of the filing of the complaint.  That time is now passed.  Plaintiff will be granted an additional sixty days to complete service of summons.

        Accordingly, IT IS HEREBY ORDERED that:

    1. The Clerk of Court is directed to remit to plaintiff the excess filing fee payment of $5.00.

---

[1] Plaintiff paid $355.00.  The filing fee is only $350.00.  The court will therefore order remittitur of the excess $5.00 to plaintiff.

1

  2. Plaintiff shall serve summons on defendants in compliance with Federal Rule of Civil Procedure 4 within sixty days.  Failure to comply with this order may result in a recommendation that the action be dismissed.

  3. The Clerk of the Court is directed to issue and send plaintiff one summons for each defendant named in the complaint.  Plaintiff shall complete service of process on defendants named in the complaint within 60 days and shall file with the court proof of service of summons. Plaintiff is cautioned that this action may be dismissed if service of process is not timely accomplished.  <u>See</u> Fed. R. Civ. P. 4(m).

  4. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" concurrently with service of process, and file with the Clerk a certificate of such service.

  5. Failure to comply with the Federal Rules of Civil Procedure or Local Rules of Practice for the United States District Court, Eastern District of California, or orders of this court, may result in dismissal of this action.  Even parties without counsel will be expected to comply with the procedural rules.

  6. A Status (Pretrial Scheduling) Conference is set for **August 8, 2012** at 10:00 a.m. in courtroom no. 26 before the undersigned.   All parties shall appear by counsel or in person if acting without counsel.

  7. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports[2] addressing the following matters:

   a. Service of process;

   b. Possible joinder of additional parties;

   c. Any expected or desired amendment of the pleadings;

   d. Jurisdiction and venue;

---

[2] The parties are encouraged, when possible, to file a joint status report.

     e. Anticipated motions and their scheduling;

     f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

     g. Future proceedings, including setting appropriate cut-off dates fordiscovery and law and motion, and the scheduling of a pretrial conference and trial;

     h. Special procedures, if any;

     i. Estimated trial time;

     j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

     k. Whether the case is related to any other cases, including bankruptcy;

     l. Whether a settlement conference should be scheduled;

     m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

     n. Any other matters that may add to the just and expeditious disposition of this matter.

    8. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (<u>see</u> Local Rule 160).  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be

1  grounds for imposition of any and all sanctions authorized by statute or Rule or within the
2  inherent power of the Court."
3        9.  The parties are informed that they may, if all consent, have this case tried by a
4  United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court
5  of Appeals.  <u>See</u> 28 U.S.C. § 636(c).  The form for consent to trial by a magistrate judge is
6  attached.  Any party choosing to consent may complete the form and return it to the Clerk of the
7  Court.
8        10.  The Clerk of the Court is directed to send plaintiff copies (one for each
9  defendant plus one for the plaintiff) of the form, "Consent to Proceed Before United States
10  Magistrate Judge," with this order.

Dated: May 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
levi.statset